UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
UNITED STATES OF AMERICA                          :
                                                  :
          -v-                                     :          12-CR-702 (JMF)
                                                  :
ANTONIO GONZALEZ,                                 :          MEMORANDUM OPINION
                                                  :          AND ORDER
                     Defendant.                   :
                                                  :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

Defendant Antonio Gonzalez was convicted, following a guilty plea, of child pornography offenses, *see* ECF Nos. 13, 15, and sentenced principally to 180 months' imprisonment, *see* ECF Nos. 21, 24.  The Second Circuit affirmed his conviction on appeal, *see* ECF No. 32; *see also* ECF No. 42, at 5-7, after which Gonzalez, proceeding without counsel, filed a motion challenging his conviction pursuant to 28 U.S.C. § 2255, *see* ECF No. 35.  By Memorandum Opinion and Order dated April 20, 2022, the Court denied that motion.  *See* ECF No. 46; *see also* ECF No. 48 (Court of Appeals order denying a certificate of appealability). Gonzalez, once again proceeding without counsel, now moves, pursuant to Rule 60 of the Federal Rules of Civil Procedure for "relief from" the judgment.  ECF No. 51, at 1.  At bottom, Gonzalez challenges his conviction on the basis of "newly discovered evidence."  *See id.*

"Rule 60(b), like the rest of the Rules of *Civil* Procedure, applies in habeas corpus proceedings," but "*only* to the extent that [it is] not inconsistent with applicable federal statutory provisions and rules."  *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005) (emphases added) (internal quotation marks omitted).  As relevant here, "[r]elief under Rule 60(b) is available with respect to a previous habeas proceeding *only* when the Rule 60(b) motion attacks the integrity of the

previous habeas proceeding and not the underlying criminal conviction." *Pena v. United States*, 859 F. Supp. 2d 693, 696 (S.D.N.Y. 2012) (emphasis added) (internal quotation marks omitted) (quoting *United States v. Harris*, 367 F.3d 74, 77 (2d Cir. 2004)).  Here, despite Gonzalez's claims to the contrary, *see* ECF No. 54, at 4, 9, his present motion is plainly an attack on his underlying conviction — and not a challenge to the integrity of the previous habeas proceeding. Accordingly, the Court will treat the motion as a motion pursuant to Section 2255.  *See, e.g.*, *United States v. Farmer*, No. 12-CR-578 (AJN), 2020 WL 4748294, at *2-3 (S.D.N.Y. Aug. 16, 2020) (Nathan, J.).

A district court has "two procedural options" when, as here, confronted with what amounts to a second or successive Section 2255 petition in the guise of a Rule 60(b) motion: "(i) the court may treat the Rule 60(b) motion as 'a second or successive' habeas petition" and transfer it to the Second Circuit "for possible certification, or (ii) the court may simply deny the portion of the motion attacking the underlying conviction 'as beyond the scope of Rule 60(b).'" *Harris*, 367 F.3d at 82 (quoting *Gitten v. United States*, 311 F.3d 529, 534 (2d Cir. 2002)); *see* *Farmer*, 2020 WL 4748294, at *3.  The Second Circuit has held, however, that a district court should not opt for transfer "until the prisoner has been informed of the district court's intent to transfer and afforded a sufficient opportunity to avoid the transfer by withdrawing (perhaps for later refiling explicitly as a new collateral attack) the portion of his 60(b) motion that the district court believes presents new challenges to the underlying conviction." *Gitten*, 311 F.3d at 534.

The Court concludes that transfer would be appropriate here.  In light of the Second Circuit's decision in *Gitten*, however, the Court must first inform Gonzalez of its intent to transfer and afford him opportunity to avoid the transfer.  *See, e.g.*, *Farmer*, 2020 WL 4748294, at *2-3.  If Gonzalez objects to transfer and wishes to either withdraw his Rule 60(b) motion or

refile it as a new collateral attack on his conviction, he shall so advise the Court **within one month of the date of this Memorandum Opinion and Order**.  Absent an objection by that date, the Court will transfer Gonzalez's motion to the Court of Appeals for consideration as a second or successive Section 2255 motion.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate ECF No. 51 and to mail this Memorandum Opinion and Order to:

> ANTONIO GONZALEZ
> Register No. 67273-054
> 121 Hell Gate Circle
> New York, NY 10035

SO ORDERED.

Dated: January 27, 2026
New York, New York

_____
JESSE M. FURMAN
United States District Judge