UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                :

UNITED STATES OF AMERICA                :

                                              :

          -v-                            :                12-CR-702 (JMF)

                                              :

ANTONIO GONZALEZ,                  :          MEMORANDUM OPINION

                                            :                AND ORDER

                    Defendant.          :

                                            :
-----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       Defendant Antonio Gonzalez, who was convicted of child pornography offenses, *see*

ECF Nos. 13, 15, and sentenced principally to 180 months' imprisonment, *see* ECF Nos. 21, 24,

filed a *pro se* motion, purportedly pursuant to Rule 60 of the Federal Rules of Civil Procedure,

for "relief from" the judgment, ECF No. 51, at 1.  By Memorandum Opinion and Order dated

January 27, 2026, the Court ruled that because Gonzalez's motion was "plainly an attack on his

underlying conviction — and not a challenge to the integrity of the previous habeas proceeding,"

it would "treat the motion as" one pursuant to 28 U.S.C. § 2255.  ECF No. 55, at 2 (citing *United*

*States v. Farmer*, No. 12-CR-578 (AJN), 2020 WL 4748294, at \*2-3 (S.D.N.Y. Aug. 16, 2020)

(Nathan, J.)).  Because Gonzalez had previously filed, and the Court had previously denied,

another Section 2255 motion, *see* ECF No. 46, the Court observed that it had "two procedural

options": It could treat the Rule 60(b) motion "as 'a second or successive' habeas petition" and

transfer it to the Second Circuit "for possible certification" or it could "simply deny the portion

of the motion attacking the underlying conviction as beyond the scope of Rule 60(b)."  *Id.*

(cleaned up).  The Court elected the first option, but in accordance with Second Circuit guidance,

it gave Gonzalez notice of its intent to transfer and afforded him an "opportunity to avoid the transfer by withdrawing" his Rule 60 motion. *Id.* at 2-3 (cleaned up).

By letter entered on February 2, 2026, Gonzalez indicates that he objects to transfer and takes issue with the Court's determination to treat his Rule 60 motion as a second or successive Section 2255 motion. *See* ECF No. 56. To the extent that Gonzalez's objection seeks reconsideration of the Court's prior ruling that his Rule 60 motion is procedurally improper unless it is recharacterized as a second or successive Section 2255 motion, the objection is overruled as meritless. If anything, the objection confirms that Gonzalez is seeking to challenge the underlying criminal conviction rather than the integrity of the prior *habeas* proceeding. *See id.* at 1 (noting that Gonzalez "does not seek to relitigate" the claim that was brought and rejected in his first Section 2255 motion). In light of that, and Gonzalez's objection to transfer, the Court has no choice but to deny — and therefore does deny — Gonzalez's Rule 60 motion "as beyond the scope of Rule 60[]." *United States v. Harris*, 367 F.3d 74, 77 (2d Cir. 2004).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum Opinion and Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail this Memorandum Opinion and Order to:

> ANTONIO GONZALEZ
> Register No. 67273-054
> 121 Hell Gate Circle
> New York, NY 10035

SO ORDERED.

Dated: February 3, 2026
     New York, New York

_____
JESSE M. FURMAN
United States District Judge

2